# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY COON,**

                      **Plaintiff,**

**-vs-**                                               **Case No. 6:06-cv-47-Orl-28DAB**

**THE PALM MOTEL, INC., JOHN T. JENSEN, MARY M. JENSEN,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on December 19, 2006 with counsel for Plaintiff present and Mary Jensen proceeding *pro se*.

Based on the representations of Plaintiff's counsel and responses to the Court's interrogatories, Plaintiff was employed by Defendants as a maid and front desk worker from December 2003 to December 2004. The extent of Plaintiff's unpaid overtime was disputed by both sides, with Plaintiff initially seeking approximately $7,556 for alleged overtime worked and unpaid wages based on her memory and estimates of work hours. Following production of time records from Defendants, Plaintiff and counsel determined that the records were more accurate and the amount owed was lower. The settlement to Plaintiff of $3,000 in unpaid wages and liquidated damages is closer to the amount Plaintiff concedes was owed based on the records produced by Defendants.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,000 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff and Charles Scalise, testified at the hearing that his firm had incurred more than $2,000 in fees, which was compromised, in part because of the cost of collecting on any potential judgment on the out of state Defendants who reside in Minnesota. Mr. Scalise's typical hourly rate is $300, which would mean at least 6.5 hours were spent on the case. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $3,000 to Plaintiff for unpaid wages and liquidated damages, and $2,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 20, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy